### TIMOTHY H. MAIN v. CORNELIUS EAGLE.

Where, in an action to recover for work, labor, and commissions, on the sale of a ship, there is evidence of an express agreement between the parties, specifying the conditions upon which commissions shall be allowed ; it is not competent to prove, that by the usage of brokers commissions are allowable although the conditions are not complied with.

The *right* to commissions is a question of law upon proof of facts; and the opinion of a witness that the plaintiff, upon a supposed case, is *entitled* to commissions, is incompetent.

To enable the plaintiff to recover a commission, on the ground that in like cases to that proved by him, brokers are accustomed to charge and receive commissions, and that he has conformed to the usage of brokers in the conduct of a sale, he must show that he *is* a broker.

It is only in a very clear case, and one in which this court feel assured that they can do complete justice between the parties, that an error of the court below, in admitting illegal testimony, which *may* have influenced the decision of the cause, will be disregarded on the appeal.

THIS action was commenced in the marine court, by a voluntary appearance of the parties, without process. The complaint was, "for work, labor and services, and for commissions on sale of vessel, to wit, the 'Boston,' damages $100." The defendant interposed a general and specific denial.

A witness testified, that he was attracted by an advertisement of a steamboat for sale by the plaintiff, and called upon him ; that the boat which was advertised was already sold ; but the plaintiff stated that he had the "Boston," owned by the defendant, for sale, and that the price wanted was $5,500 ; that he would take $5,000, and that possibly it might be obtained for a less sum. The plaintiff then referred the witness to the defendant, who sold the vessel to him for $3,500 in cash, and a quarter interest in the patent right of a

newly invented propeller. The merits of this invention had not then been tested. Another share in the patent right was afterwards disposed of for a large amount. The defendant expressed himself satisfied, and deemed the consideration given by the witness equivalent to $5,500.

The witness also gave in evidence a conversation between the parties, in which the defendant admitted that he had agreed to pay the plaintiff $100 if he effected a sale of the vessel, but denied that the sale was accomplished by the plaintiff. On a cross examination, the witness stated that the promise to pay the $100, as admitted, was conditioned that the price obtained should be $5,000 in cash.

Before his call upon the plaintiff, the witness had been on board the vessel, but not for the purpose of buying. He had also heard that she was for sale ; but stated that the price had not been known to him, and that his first intention to purchase was when the plaintiff referred him to the defendant. The bargain was made with the defendant directly, and he was requested by the defendant not to call again upon the plaintiff.

After this evidence was introduced, two ship-brokers were produced by the plaintiff, and testified, that when a person having a vessel for sale advertises and a party who applies to purchase is referred by him to the owner, who concludes the sale, a commission of two and one half per cent. is, by the usage of the business, due to the broker in all cases, even though the purchaser was already apprised by an advertisement of the owner that the vessel was for sale, provided negotiations had not previously been had with the owner, and provided, also, that the broker's reference caused the purchaser to call upon the owner. It was also said, that the broker's business was to give information, and that the sale was sometimes concluded by him, and at others by the owner himself; the commission being secured alike in both cases. These general usages and others were illustrated and presented in various aspects by the statement of incidents in the experience of the witnesses. There was no evidence that the plaintiff was a ship-broker.

Main v. Eagle.

The testimony of the brokers was objected to, and admitted subject to exceptions on the part of the defendant.

The plaintiff had a judgment for $100, and the defendant appealed.

*A. R. Dyett*, for the appellant.

*Charles Donohue*, for the respondent.

By THE COURT. WOODRUFF, J.—The evidence given by the plaintiff in this case that he was, in the various cases put hypothetically to his witnesses, entitled to his commissions, was improper and inadmissible. Whether upon a state of facts proved he was entitled to commissions or not, is a question of law, and the opinion of witnesses thereon is not competent.

If the testimony can be regarded as amounting simply to proof of a usage of brokers and dealers in the city to charge and pay commissions in such cases, it is still objectionable. *First*, because the proof, if it established any agreement between the plaintiff and defendant, showed an express contract, which, not being in any respect vague or uncertain in its meaning, could not be altered or affected by any proof of such usage; and *second*, because there is no evidence that the plaintiff is a broker or commission merchant at all, and therefore the usage is not shown to apply to him.

We are not disposed to decide whether upon the other evidence, laying out of view the objectionable testimony, the plaintiff would be entitled to recover. It is only in a very clear case, and one in which we feel assured that we can do complete justice between the parties, that we will disregard an error of this description. And we cannot say that here the court below may not have been influenced by the illegal testimony.

The judgment must be reversed; and as we have no discretion on the subject of costs, they follow of course by the statute.

Judgment reversed.